UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 5:19-cv-170

| | | |
|---|---|---|
| KENNEY PROPERTIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | **(Jury Trial Requested)** |
| PHILADELPHIA INDEMNITY | ) | |
| INSURANCE COMPANY, | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Kenney Properties, Inc. ("Kenney Properties") for its complaint against the Defendant Philadelphia Indemnity Insurance Company ("Philadelphia Indemnity") alleges as follows:

## NATURE OF ACTION AND RELIEF SOUGHT

1. This is an insurance coverage action by the policyholder insured, Kenney Properties, against its insurer, Philadelphia Indemnity, for coverage for "Extra Expenses." The Extra Expenses were from the rental of temporary housing (hotel rooms) which were provided by Kenney Properties to their student residents who lived in four rental apartment buildings damaged by wind-driven rain near the campus of UNC-Pembroke as a result of Hurricane Florence.

2. Kenney Properties seeks compensatory damages against Philadelphia Indemnity for breaching its contractual duty to provide Extra Expense payment for this loss.

3. Additionally, Kenney Properties seeks treble damages from Philadelphia Indemnity for violating the Unfair Claim Settlement Practices of N.C. Gen. Stat. §58-63-15(11), as implemented by Chapter 75 of the North Carolina General Statutes, for Philadelphia Indemnity's inappropriate handling of this Extra Expenses claim.

## PARTIES

4. Plaintiff Kenney Properties is a North Carolina corporation with its principal place of business in Raleigh, Wake County, North Carolina. At all times pertinent hereto the Plaintiff has been a policyholder of Philadelphia Indemnity. The plaintiff's damaged buildings are located in Pembroke, Robeson County, North Carolina

5. The Defendant Philadelphia Indemnity is a foreign insurance company domiciled in Pennsylvania and with its principal place of business located in Philadelphia, Pennsylvania. At all times pertinent hereto Philadelphia Indemnity has been involved in the issuance, marketing, selling, and delivery of insurance policies in North Carolina, including policies insuring property, lives, and interests in North Carolina as described in N.C. Gen. Stat. §58-3-1.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the Plaintiff Kenney Properties and the Defendant Philadelphia Indemnity.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of the events giving rise to the claims at issue occurred in this district.

## STATEMENT OF FACTS

8. The Plaintiff, at all pertinent times hereto, has been engaged in the business of rental of apartments in North Carolina.

9. On September 17, 2018, Hurricane Florence struck buildings in Kenney Properties' apartment building complex located at 101 Pembroke Pointe Lane in Pembroke, North Carolina, which were insured through defendant's Policy Number PHPK1731398 ("Policy").

10. A copy of the Policy is attached as Exhibit 1, and it is incorporated into this pleading as if fully set forth herein.

11. Kenney Properties performed all contractual duties and obligations relating to this Policy, including payment of premiums and cooperation on investigating the various claims arising from Hurricane Florence, and it has provided all documents and information requested by Philadelphia Indemnity.

12. The Policy insured the four buildings at issue through coverage for "Location 7" in the Policy declarations, four Class A apartment buildings for students at UNC-Pembroke.

13. These four buildings at Location 7, numbered by Kenney Properties as Buildings 113, 115, 117 and 119, sustained extensive damage in Hurricane Florence from a **COVERED CAUSE OF LOSS**, which was wind damage with resultant water damage.

14. The Policy offered coverage for "Extra Expenses" pursuant to Coverage Form PI-ULT-010 11.98, entitled **BUSINESS INCOME WITH EXTRA EXPENSE COVERAGE FORM.**

15. The plaintiff, Kenney Properties, opted to purchase the optional coverage set forth in this Coverage Form and paid the premium for this additional coverage through the defendant's "Ultimate Cover Program" that protected these buildings.

16. Pursuant to paragraph A.4.a. of this Coverage Form, the policy afforded as one designated "Additional Coverage," coverage for Extra Expenses.

17. The BUSINESS INCOME WITH EXTRA EXPENSE COVERAGE FORM provided in pertinent part as to "Extra Expenses" coverage, as follows:

\* \* \*

4. Additional Coverages

a. Extra Expenses

Extra Expenses means necessary expenses you incur during the "**period of restoration**" that you would not have incurred if there had been no direct physical "**loss**" to property caused by or resulting from any of the Covered Causes of Loss.

(1) We will pay any Extra Expenses to avoid or minimize the suspension of business and to continue "**operations**":

a) At the described premises; or

b) At replacement premises or at temporary locations, including:

(i) Relocation expenses; and

(ii) Costs to equip and operate the replacement or temporary locations.

(2) We will pay any Extra Expenses to minimize the suspension of business if you cannot continue "**operations**".

\* \* \*

18. "**Period of Restoration**" is defined in this Coverage Form as follows:

"**Period of Restoration**" means the period of time that:

a. Begins:

(1) 72 hours after the time of direct physical "**loss**" for Business Income coverage; or

(2) Immediately after the time of direct physical "**loss**" for Extra Expense coverage; and

b. Ends on the earlier of:

(1) The date when the property at the described premises should be repaired, rebuilt or replaced with reasonable speed and similar quality; or

(2) The date when business is resumed at a new permanent location.

* * *

> The expiration date of this policy will not cut short the "**period of restoration**."

19. "**Loss**" is defined in this Coverage Form as follows:

   "**Loss**" means accidental loss or damage.

20. "**Operations**" is defined in this Coverage Form as follows:

   "**Operations**" means.

   a. Business activities you perform at the described premises; and

   b. The tenantability of the described premises, if coverage for Business Income including "**Rental Value**" or "**Rental Value**" applies.

21. The expenses incurred by Kenney Properties in providing temporary alternate locations for its tenants were "necessary" expenses in that Kenney Properties had rental agreements with the applicable tenants to provide them apartments, and due to Hurricane Florence the apartments in Buildings 113, 115, 117, and 119 were temporarily rendered uninhabitable and needed to be repaired. Because these apartments are rented to students, the leases run from August to the following July of each school year. If the apartments were not promptly repaired and the students provided interim temporary living arrangements while they were being promptly fixed, the apartments would have remained vacant until the start of the next school year. These arrangements also best allowed the students to continued their semesters at UNC-Pembroke with a minimum of disruption. Kenney Properties would otherwise lose these students, who were important customers, to competitors who had buildings not temporarily rendered uninhabitable by Hurricane Florence, and located nearby in the same competitive student apartment rental market near UNC-Pembroke.

22. The plaintiff, Kenney Properties, acted in good faith and with reasonable business prudence and fiscal responsibility when it incurred these necessary expenses. Kenney Properties properly mitigated potentially much greater losses. It located reasonably comparable housing at a nearby location, and purchased at a reasonable price in an immediate post-hurricane temporary housing market. The Holiday Inn in Pembroke was the only location that could reasonably accommodate these students, and Kenney Properties moved promptly before other displaced persons and post-hurricane repair personnel took these rooms.

23. Philadelphia Indemnity has never referenced or argued that its denial of the Extra Expense claim is in any way based on or supported by any suggestion that incurring these Expenses was not a "necessary" expenditure by Kenney Properties after Hurricane Florence or not a mitigation of damages, and such a defense is not referenced in the denial of the Extra Expenses claim in communications from Philadelphia Indemnity.

24. Kenney Properties' Extra Expenses were incurred during the "Period of Restoration," which was the period of time beginning immediately after the direct physical loss to the four buildings caused by Hurricane Florence on September 17, 2018, and ending with the student residents moving back into apartments at the four repaired rental buildings, the residents having moved back into their rental units on or before December 14, 2018, after the buildings were successfully repaired. The period of provision of the hotel rooms by Kenney Properties was well within the scheduled "Maximum Period of Indemnity."

25. These rental building repairs were completed with reasonable speed and using appropriate similar quality workmanship and materials to their pre-hurricane design and construction.

26. The student residents were expeditiously moved back into their apartments and the hotel rentals were discontinued using reasonable speed under the circumstances, as the appropriate repair efforts were concluded.

27. The temporary housing provided by Kenney Properties at the hotels for their student residents at Buildings 113, 115, 117, and 119 constituted "replacement premises" and also "temporary locations," pursuant to the BUSINESS INCOME WITH EXTRA EXPENSE COVERAGE FORM.

28. The efforts undertaken by Kenney Properties were reasonably intended to avoid or minimize the suspension of its rental business, to continue its operations as seamlessly as possible, and to not lose their student residents by having them move elsewhere in the Pembroke area or leave school.

29. Kenney Properties promptly submitted to Philadelphia Indemnity the ongoing claim for Extra Expenses, along with documentation of these expenditures as well as the information for rents received by Kenney Properties from the student residents during the "Period of Restoration," and has complied with all requests for information relating to this claim, and refused nothing requested by Philadelphia Indemnity in the way of documentation of the expenditures.

30. The plaintiff has repeatedly requested payment for the Extra Expenses claim from Philadelphia Indemnity. Philadelphia Indemnity has repeatedly declined to pay this claim, both orally and in writing, in dealing with its insured and with the insured's insurance agency, which has also sought to get this claim promptly paid.

31. The Extra Expenses paid by Kenney Properties and not reimbursed by Philadelphia Indemnity consist of $280,609.13 in temporary housing expenses, less $45,168.50 in rental income

received from the tenants during the Period of Restoration, for a net loss of $235,440.63, all of this information having been fully documented to this insurer.

32. The loss of $235,440.63 is not subject to subtraction of a deductible, as the applicable deductible was already applied to a prior payment by Philadelphia Indemnity for this loss on another covered loss item arising from the Hurricane Florence claim.

33. The Extra Expenses are well within the stated limit of insurance applicable to this loss through the "Ultimate Cover Program" purchased by Kenney Properties from Philadelphia Indemnity provided in this Policy. The applicable coverage limit of coverage under **Blanket Limits** "Blanket Number 1," the applicable blanket limit for Extra Expense, is scheduled at $22,916,667 and with full 100% co-insurance, as listed in the Schedule at Form PI-ULTD-006 11.98.

34. The Extra Expense claim, at $235,440.63, is well below the **Blanket Limits Number 1**, and there has not been an exhaustion of the available limits to a sum below the full claim for Extra Expenses that would otherwise cut off or reduce a right to this recovery based on an aggregate cap or limit.

**I.    COUNT ONE – BREACH OF CONTRACT**

35. As a first cause of action the plaintiff incorporates paragraphs 1 through 34 of the Complaint and further alleges as follows:

36. The defendant Philadelphia Indemnity has breached its insurance contract with Kenney Properties by failing to pay its contractual obligation for Extra Expenses in the sum of $235,440.63 as part of Philadelphia Indemnity Claim Number 1210364.

37. The plaintiff, Kenney Properties, prays for compensatory damages for the defendant at a sum in excess of $75,000 for breach of contract based on its failure to pay Extra

Expenses, together with legal interest, pursuant to N.C. Gen. Stat. §24-5(a), from the date of breach by Philadelphia Indemnity.

**II.  COUNT TWO – RECOVERY PURSUANT TO N.C. GEN. STAT. §75-1.1 FOR VIOLATION OF THE UNFAIR CLAIMS SETTLEMENT PRACTICES STATUTE N.C. GEN. STAT. §58-63-15(11).**

38. Paragraphs 1 through 37 of the Complaint are incorporated by reference as if fully set forth herein.

39. Philadelphia Indemnity declined to pay or even acknowledge a clear contractual duty to pay the Extra Expenses claim at any time from its first presentation to the defendant shortly after Hurricane Florence, through to the present.

40. By letter, on November 7, 2018, Philadelphia Indemnity formalized its denial of the Extra Expense claim. The sole listed basis for this denial in the letter from Philadelphia Indemnity was that the policy "does not provide additional living expense <u>to your tenants</u>." (emphasis added)

41. This denial was not based on the application of the policy language to known facts, since it was known beyond any doubt by all, including Philadelphia Indemnity, that the policyholder, Kenney Properties, Inc. and not the student residents had made a claim for "Extra Expenses", and it was the policyholder that had incurred these costs for the purpose of continuing its operations.

42. The residents were provided with temporary hotel rooms, paid for by their landlord, Kenney Properties, Inc., and Philadelphia Indemnity was fully aware of this.

43. There was no good faith basis for any assertion by Philadelphia Indemnity that the claim was made for reimbursement of costs incurred by any student residents, for payment for the hotel rooms where they were temporarily placed.

44. When the written denial was made on November 7, 2018, the defendant Philadelphia Indemnity knew that the hotel rooms were provided by the Policyholder Kenney Properties for its student residents in these four buildings. This claim was for the policyholder, Kenney Properties, "to continue 'operations'…[a]t replacement premises or at temporary locations…." (Form No. PI-ULT-010 11.98 at page 2 of 13)

45. The treatment of the Extra Expenses claim by Philadelphia Indemnity was not faithful to the facts actually known by the insurer or to the easily read documentation supplied for that claim to the insurer.

46. In the Philadelphia Indemnity denial letter of November 7, 2018, it denied any coverage for Extra Expenses. The letter went on to suggest as a false olive branch negotiating tactic the plaintiff policyholder's insurance agency could seek "an accommodation" to "assist" the policyholder. This leveraging for a lower price is not conduct that should be applied to an insured that had just worked its way through a catastrophic hurricane, and who had contracted for this item of damage to be fully covered, subject only to a deductible and an aggregate limit.

47. Prior to issuing this denial letter of November 7, 2018, Kenney Properties did allow the insurance agency for this Policy, Pittman Insurance Group, LLC, to try to take steps to intervene and try to obtain payment of the Extra Expenses claim on behalf of Kenney Properties.

48. Well before October 29, 2018, Philadelphia Indemnity previously declined to pay the Extra Expenses claim. On two occasions, on October 29, 2018, and again on November 6, 2018, Brandon Pittman and Diana McKnight from Pittman Insurance Group, LLC, acting on behalf of Kenney Properties, undertook conference calls with a number of employees of Philadelphia Indemnity, including a Vice President of the defendant, to urge the payment of the plaintiff's Hurricane Florence Extra Expenses claim. The agents went closely and in detail through

the underlying facts and the applicable coverage provisions in their discussions with the various Philadelphia Indemnity personnel on these two conference calls.

49. No reasonable or appropriate reason for denying the claim was given to these insurance agency employees in the course of these two telephone calls. In the course of these two calls the employees of the Agency referenced their own strongly held subjective belief that the claim was covered. To make their point and to emphasize the need for the insurer to at that point seriously review its position, the insurance agency personnel referenced a confirming opinion of a recognized industry expert they consulted specifically on this claim, and the fact that they were aware of a similar Extra Expense claim that was paid by another insurer. They also mentioned the prospect of drawing a bad faith claim for the insurer's handling of the Extra Expenses claim. Even if the defendant insurer did not trust the opinions of these two agents, the defendant should reasonably in response to the calls have performed a full careful review of the existing undisputed facts and applicable policy language, at this point in the claim history.

50. At the conclusion of the November 6, 2018 conference call, a Vice President of the defendant Philadelphia Indemnity verbally declined coverage. He also declined the Agency invitation to try to address the claim through an "appraisal process" to resolve the claim, and instead offered to pay half of the Extra Expenses claim. In this telephone call the Vice President also affirmatively declined the agents' request that his offer be put in writing.

51. The efforts by Philadelphia Indemnity leading up to and on November 6, 2018, were intentionally improperly delayed the proper payment of the Extra Expenses claim, to discourage the plaintiff from pursuing full payment of this claim, and to force the plaintiff, as a practical matter, to choose between having to take a $117,720.31 discount of its $235,440.63 loss,

or to spend the additional time and extra money to institute litigation to recover its Extra Expenses loss.

52. In its denial letter of November 7, 2018, the defendant Philadelphia Indemnity did not reference its prior verbal offer to pay half of the claim orally, made by the Vice President the day before to the insurance agents on the conference call, in its denial of the Extra Expense claim.

53. The defendant, Philadelphia Indemnity, was improperly attempting to save money off of the payout of coverage on the Extra Expenses component of the Hurricane Florence claim, for no other reason than Philadelphia Indemnity's own bottom line on the claim. This was done at the direct expense of its policyholder, Kenney Properties, which continues to carry that large expenditure. These affirmative acts by Philadelphia Indemnity reflect unfair, unscrupulous, and injurious activity directed against its policyholder, without basis or support in policy language or well documented fact. This Extra Expenses claim is not a circumstance of an honest disagreement as to the construction of the Extra Expenses provision, but simply an improper effort to try to save money on this claim.

54. After receiving the denial of the Extra Expenses claim in the November 7, 2018 letter, on December 18, 2018, a letter was sent to Philadelphia Indemnity on behalf of Kenney Properties, Inc. by its outside counsel. This December 18, 2018 letter again provided the information about who was making the claim for Extra Expenses (the policyholder), who made the hotel payments (the policyholder), the basis for the claim in the policy language (the **BUSINESS INCOME WITH EXTRA EXPENSE COVERAGE FORM**), and included an open invitation from counsel for Philadelphia Indemnity to directly contact Kenney Properties without going through legal counsel, if Philadelphia Indemnity needed any additional information from the policyholder.

55. Since sending this letter to Philadelphia Indemnity on December 18, 2018, Philadelphia has not paid the Extra Expenses claim, or in any way modified or changed its position on the basis for the denial.

56. The defendant Philadelphia Indemnity has intentionally engaged in activities proscribed by North Carolina Unfair Claims Settlement Practices, by:

> a. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear, pursuant to subparagraph f of N.C. Gen. Stat. §58-63-15(11).
>
> b. Compelling [the] insured to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insured, pursuant to subparagraph g of N.C. Gen. Stat. §58-63-15(11).
>
> c. Attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled, pursuant to subparagraph h of N.C. Gen. Stat. §58-63-15(11).
>
> d. Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement, pursuant to subparagraph n. of N.C. Gen. Stat. §58-63-15(11).

57. The defendant Philadelphia Indemnity's insurance-related activities as to the Kenney Properties' Policy was conduct "in or affecting commerce" pursuant to N.C. Gen. Stat. §75-1.1(a).

58. The defendant Philadelphia Indemnity's activities constituted an unfair practice pursuant to N.C. Gen. Stat. §75-1.1(a).

59. The defendant Philadelphia Indemnity's improper approach to the adjustment of the plaintiff's Extra Expenses claim, has directly proximately caused injury to Kenney Properties, which has never been repaid for the Extra Expenses it incurred, and which as a result has been compelled to file suit to obtain payment.

60. The conduct of Philadelphia Indemnity in dealing with its policyholder manifested an inequitable assertion of power and position.

61. The conduct of Philadelphia Indemnity was oppressive and substantially injurious to its policyholder.

62. The statutory violations, and each of them, constitute unfair claims settlement practice violations by Philadelphia Indemnity, pursuant to N.C. Gen. Stat. §58-63-15(11).

63. These enumerated statutory violations, and the activity described hereinabove, constitute a series of unfair acts or practices by the defendant in adjusting the claim, which proximately caused injury to its policyholder insured, in violation of N.C. Gen. Stat. §75-1.1 *et sequa*.

64. The Plaintiff seeks damages pursuant to N.C. Gen. Stat. §75-1.1, and N.C. Gen. Stat. §75-16, and prays that the damages be trebled due to Philadelphia Indemnity's unfair acts in adjusting this insurance claim.

WHEREFORE, the Plaintiff prays for recovery of the Defendant as follows:

1. That the Plaintiff have and recover compensatory damages at a sum in excess of $75,000.

2. That the Plaintiff have and recover treble damages pursuant to N.C. Gen. Stat. §75-16.

3. That the Plaintiff have and recover prejudgment interest on the defendant's breach of contract pursuant to N.C. Gen. Stat. §24(a).

4. That the Plaintiff have and recover its attorney's fees in pursuing this action pursuant to N.C. Gen. Stat. §75-16.1.

5. That the Plaintiff have and recover its costs in this action, including court costs and fees, as determined by the Court.

6. That the Plaintiff have a trial by jury on all issues of fact so triable herein.

7. For such other and further relief as the Court may deem just and proper.

This the 29th day of April, 2019.

**CRANFILL SUMNER & HARTZOG LLP**

By: /s/Theodore B. Smyth
Theodore B. Smyth
N.C. State Bar No: 10045
P.O. Box 27808
Raleigh, NC 27611-7808
Telephone: 919-828-5100
Facsimile: 919-828-2277
Email: tsmyth@cshlaw.com
Attorneys for Plaintiff Kenney Properties, Inc.